AB:RJN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# M-10-842

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JIANG YAN HUA,

            Defendant.

AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(18 U.S.C. §§ 1951(a) and 3551)

- - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

        PHILIP WU, being duly sworn, deposes and says that he
is a Special Agent with the Federal Bureau of Investigation, duly
appointed according to law and acting as such.

        Upon information and belief, in or about and between
January 2010 and July 2010, both dates being approximate and
inclusive, within the Eastern District of New York, the defendant
JIANG YAN HUA, together with others, did knowingly and
intentionally obstruct, delay and affect commerce and the
movement of articles and commodities in commerce, by extortion,
to wit: the extortion of John Doe # 1, an owner of a bus company
and John Doe # 2, an employee of the bus company, located in
Brooklyn, New York.

        (Title 18, United States Code, Sections 1951(a) and
3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.   I am a Special Agent with the Federal Bureau of Investigation, where I have served since 2008.  I have participated in investigations of Asian organized crime and, among other things, have conducted or participated in surveillances, the execution of search warrants, debriefings of informants and reviews of taped conversations. I have participated in the investigation of this matter, and I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, conversations I have had with other law enforcement officers and witnesses about this matter, and my own training and experience.

2.   As set forth below, there is probable cause to believe that the defendant, JIANG YAN HUA, participated in the extortion of the owner and employee of a bus company ("VICTIM BUS COMPANY") that transports workers from New York City to Poughkeepsie, New York for work in Chinese restaurants.

3.   In approximately January or February 2010, another Bus Company ("TARGET BUS COMPANY") began competing with VICTIM BUS COMPANY by performing a similar service in the same area.

---

[1] Because the purpose of this Affidavit is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

The buses of both companies begin their route in Brooklyn, New York, pick up workers in Chinatown in Manhattan, New York, and transport them to Poughkeepsie, New York.  TARGET BUS COMPANY began to recruit customers from VICTIM BUS COMPANY.  For example, restaurant owners and workers in Poughkeepsie received business cards from TARGET BUS COMPANY that looked almost identical to the business cards of VICTIM BUS COMPANY.

4.  Between February 2010 and the present, John Doe # 1, the owner of the VICTIM BUS COMPANY, learned from the workers who use his bus service (the "customers") that representatives of the TARGET BUS COMPANY tried to force the customers to use services provided by the TARGET BUS COMPANY. According to John Doe # 1, on several occasions, representatives of TARGET BUS COMPANY took the cell phones of various VICTIM BUS COMPANY customers and told the customers their phones would be returned only if they began to use the services provided by TARGET BUS COMPANY.  On at least one occasion, John Doe # 1 witnessed such an exchange between his customers and representatives of TARGET BUS COMPANY.

5.  In addition, between January or February 2010 and the present, on several different occasions, vehicles that John Doe # 1 believes to be associated with TARGET BUS COMPANY parked against VICTIM BUS COMPANY's vehicles to prevent VICTIM BUS COMPANY from loading passengers.

6. In February 2010, John Doe # 1, was seated in the passenger seat of a van driven by John Doe # 2, an individual employed as a driver for VICTIM BUS COMPANY. John Doe # 1 noticed an individual drive up near the van in a white BMW. John Doe # 1 later identified the individual as the defendant JIANG YAN HUA. John Doe # 1 suspected that the defendant might try to cause trouble for John Doe # 2, and instructed John Doe # 2 to get out of the van to try to find a police officer. John Doe # 2 complied, and did not see the defendant exit the BMW. The defendant then exited the BMW and approached John Doe # 1 who had moved into the driver's seat of the van. Through the open window of the van, the defendant told John Doe # 1 that if the defendant found John Doe # 2, the defendant would "break his legs." John Doe # 1's son was seated inside the van and recorded the threat on his cell phone.

7. The BMW is registered to the defendant JIANG YAN HUA. John Doe # 1 identified a photograph of the defendant as the individual who threatened to break John Doe # 2's legs.

8. Around the same time period, in January or February 2010, John Doe # 2 was threatened by the defendant after John Doe # 2 pulled his van into a gas station. John Doe # 2 noticed an individual standing next to a white BMW. The individual, who John Doe # 2 later identified as the defendant, approached John Doe # 2 and asked, in sum and substance, "are you

afraid of dying."  John Doe # 2 identified a photograph of the defendant JIANG YAN HUA as the individual who threatened him in the gas station.

9.   Despite these threats, John Doe # 1 continued to operate VICTIM BUS COMPANY.   In June 2010, John Doe # 1 was parking his van in the parking lot in Brooklyn, New York where he pays for a reserved spot and regularly parks his van.   As he got out of his van, John Doe # 1 was ambushed by three individuals with baseball bats.   John Doe # 1 was severely injured.   He was bleeding from his head, had bruises over his entire body, and received multiple stitches.   He was hospitalized and was unable to work for almost two weeks.   Photographs of his injuries are attached as Exhibits A - D.

10.   Most recently, on July 19, 2010, at approximately 1:00 AM, John Doe # 1 received the telephone call in which the caller threatened to kill John Doe # 1's family.   Information from the SERVICE PROVIDER establishes that the SUBJECT TELEPHONE is a pre-paid phone and that it is registered under a fake name to a fake address in Brooklyn, New York.   The investigation has revealed that TARGET BUS COMPANY previously used another pre-paid Sprint cellular phone with the same area code and first three numbers of the SUBJECT TELEPHONE.[2]   That phone has been

_____

[2]     FBI agents interviewed restaurant owners and workers in Poughkeepsie who stated that representatives of TARGET BUS COMPANY provided this phone number as a point of contact.

6

disconnected.   The area codes and first three numbers for both phones covers Poughkeepsie and surrounding areas.

11.   Based on my training and experience with Asian organized crime, the pattern of threats and violence described above and employed by the defendant is a common method that Asian gangs in particular use in an effort to push out competing businesses competing with those affiliated with or protected by the gangs.   I have found this to be particularly common in the type of business engaged in by TARGET BUS COMPANY and VICTIM BUS COMPANY.

WHEREFORE, your deponent respectfully requests that a warrant be issued for the arrest of the defendant JIANG YAN HUA so that he may be dealt with according to law.

_____
PHILIP WU
Special Agent
Federal Bureau of Investigation

Sworn to before me this
21 day of July, 2010

_____
THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

**EXHIBIT A**



# EXHIBIT B



# EXHIBIT C



**EXHIBIT D**

